## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re | |
| **AVTONOM MARTUSHEV** and **TATANIA MARTUSHEV**, | Case No. **09-60507-7** |
| Debtors. | |
| **DARCY M. CRUM**, | |
| Plaintiff. | |
| -vs- | |
| **TOMKA & SONS CONSTRUCTION, INC.**, | Adv No. **10-00032** |
| Defendant. | |

## MEMORANDUM OF DECISION

At Butte in said District this 16th day of December, 2010.

In this adversary proceeding brought by the Plaintiff/Trustee Darcy M. Crum to recover an alleged fraudulent transfer by the Debtors to the Defendant under 11 U.S.C. § 548(a), the Plaintiff has filed a Motion for Summary Judgment (Docket No. 10), including a Statement of Uncontroverted Facts. Defendant Tomka & Sons Construction, Inc. ("Tomka") admits that it received a $90,000 transfer from the Debtors, but denies liability under § 548 and objects to Plaintiff's Motion. Both sides have filed briefs, which have been reviewed by the Court together with the record and applicable law. This matter is ready for decision. For the reasons set forth below the Court denies Plaintiff's Motion and finds that Plaintiff failed to satisfy her burden to

1

show an absence of genuine issue of material fact under F.R.B.P. 7056 (applying Fed. R. Civ. P. 56 in adversary proceedings).

The parties admit that this Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334 and 157. This is a core proceeding to determine, avoid, or recover a fraudulent transfer under 28 U.S.C. § 157(b)(2)(H) and § 548(a)(1)(B). This Memorandum of Decision includes the Court's findings of fact and conclusions of law with respect to the Plaintiff's Motion, as provided under F.R.B.P. 7052.

## FACTS

The Debtors filed a voluntary Chapter 7 petition on April 1, 2009, and filed their Schedules and Statement of Financial Affairs ("SOFA") on April 20, 2009. Debtors' Summary of Schedules lists total assets in the sum of $1,111,690.00, including real property valued at $1,055,000, and total liabilities of $1,910,283.96. Defendant Tomka is listed at Schedule F as a joint debt of the Debtors in the amount of $10,000. The Plaintiff was added to the case as Trustee on April 16, 2009.

The $90,000 transfer is listed on Debtors' SOFA at paragraph 3c ("Payments to creditors") with the note: "November 5, 2008. This was a payoff of a construction lien on the land sold to the Scofields." Paragraph 18 of the SOFA states that the nature of Tomka's business as: "Electrical Contractor. Debtor was a 50% owner and left the business in December, 2008." A discharge of Debtors was entered on August 18, 2009.

The Plaintiff commenced this adversary proceeding by filing a complaint on March 31, 2010. The prayer for relief requests an order avoiding the $90,000 transfer, which the complaint avers took place on 9/4/2008, and to turn over the property transferred "or its reasonable value in

2

the amount of $11,714.99, plus costs ....” Tomka filed its answer denying liability under § 548, and averred that the transfer took place on or about April 20, 2008. Plaintiff filed her Motion for Summary Judgment, combined with a separate Statement of Uncontroverted Facts and brief. Although the complaint is based on § 548, Plaintiff states that the “question here is whether a preferential payment” to Debtors’ son can be set aside.[1] Plaintiff's Motion requests the full $90,000 amount[2] of the transfer be set aside as fraudulent.

Plaintiff's Motion contains the following Statement of Uncontroverted Facts contains the following alleged facts as pages 2-3:

1.  Debtors filed the petition in their bankruptcy case on April 1, 2009. Main Docket #1.

2.  Plaintiff Darcy M. Crum is the duly qualified and acting Trustee in this case. Main Docket #8; Complaint, ¶ 1; Answer, ¶ 1; Discovery Response (attached hereto as Exhibit 1), Admission #1.

3.  Plaintiff filed the Complaint in this adversary proceeding on March 31, 2010. Main Docket #49.

4.  Defendant filed its Answer on May 11, 2010. AP 10-00032 Docket #5.

5.  Defendant Tomka & Sons Construction, Inc. is an active Montana close corporation in good standing. Its registered agent is Alex Martushev, whose address is at 758 Stone Creek Loop, Corvallis, MT 59828. Mr. Martushev is the son of the Debtors. Answer, ¶ 1.

6.  Debtor Avtonom Martushev was a 50% owner of Tomka, and electrical contractor. Main Docket #14, Statement of Financial Affairs ¶ 18 (Nature, location and name of business).

---

[1]The complaint avers a claim for relief based on § 548 (Fraudulent transfers and obligations), not on 11 U.S.C. § 547 (Preferences). Section 547 is not pleaded in the complaint and therefore is not properly before this Court in this adversary proceeding or Plaintiff's Motion.

[2]The $11,714 amount in the prayer of the complaint is not requested in the Motion.

7. Debtors owned a parcel of land in Stevensville on which they built a spec house. Discovery Responses (Ex. 1), Interrogatory #1, Answer.

8. Upon the sale of the house, Debtors caused $91,193.39 to be transferred to Defendant at the closing. Discovery Responses (Ex. 1), Sellers Closing Statement (Nov. 5, 2008).

9. Debtor Avtonom Martushev left Tomka in December 2008. Main Docket #14, Statement of Financial Affairs ¶ 18 (Nature, location and name of business).

10. Within two years prior to the commencement of the case, Debtors transferred to Defendant money on or about the following date: $90.000.00 [sic] (11/5/2008). Discovery Responses (Ex. 1), Request for Admissions #1, Response.

11. Debtors scheduled the value of their secured assets at $1,055,000.00 and of personal property at $56,960.00. Main Docket, #14, Summary of Schedules, p.1.

12. Debtors claimed exemptions for assets totaling $178,494 Main Docket #14, Schedule C, p. 10.

13. In their bankruptcy papers, Debtors list secured debts of $1,192,972.0. Main Docket, # 14, Summary of Schedules, p. 1.

14. Debtors listed unsecured debts of $717,311.96. Main Docket # 14, Summary of Schedules, pp. 1.

Attached to Plaintiff's Motion are Defendant's discovery responses. They clarify that the date of the transfer was November 5, 2008, when real property described as 766 Willoughby in Stevensville, Montana, was sold to Schofields. Tomka's response Request for Admission 3 states: "Tomka and Sons had a construction lien against property owned by the Debtors and sold by them to the Schofields in November, 2008. Tomka was paid out of the proceeds of that sale." Again, in its answer to Interrogatory No. 1, Tomka relates to their work on the Stevensville property sold by Debtors and states: "Tomka had a construction lien and received $90,000 for that lien." Tomka denied a request for admission that the $90,000 transfer was fraudulent under § 548.

4

The last discovery request attached to Plaintiff's Motion is a request for production of every document related to the requests admission or defenses. Tomka's response was: "The seller's closing statement is attached which shows a payment to Tomka and Sons. Debtors are looking for more documentation." The "Sellers Closing Statement" dated November 5, 2008, under the heading "First Montana Title Company" reflects a payment to Tomka from the $740,000 proceeds from the sale of 766 Willoughby in the sum of $91,193.39.

Defendant filed a Statement of Genuine Issues of Material Fact (Dkt. 15) setting forth the following:

> I. Tomka & Sons Contrcution [sic] was paid $91,193.00 for construction services rendered with respect to the residence at 766 Willoughby in Ravalli County Montana.
>
> 1. Part of the debtors' business activities involved the purchase of bare land and the construction of high end homes to be sold. On [sic] such home was 766 Willoughby in Ravalli County. Answer to Interrogatory No. 4[.]
>
> 2. The home was sold to Steven and Diana Schofield on November 5, 2008 for $740,000. See the second entry to the answers to SOFA #10.
>
> 3. According to the closing report of the sales transaction, $625,000 was paid to IndyMac which financed the construction and $91,193 was paid to defendant out of the sale proceeds paid by the Schofields. See page 6 of docket 10-1.
>
> II. Plaintiff has produced no evidence of insolvency and is asking the Court to speculate as to property values.
>
> 1. The schedules, which were filed on April 20, 2009, indicate asset value of $1,111,690.00 and debts totaling $1,910,283.96.
>
> 2. Schedule A reflects that most of the Debtors' asset value is in real estate, $1,055,000.00, all of which is located in Ravalli County, Montana.
>
> 3. Plaintiff has offered no evidence of the value of the real estate at the time of any of the transfers complained of.

## SUMMARY JUDGMENT

Summary judgment is governed by F.R.B.P. 7056.  Rule 7056, incorporating FED.R.CIV.P. 56(c), states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Grzybowski v. Aquaslide "N' Dive Corp. (In re Aquaslide "N" Dive Corp.)*, 85 B.R. 545, 547 (9th Cir. BAP 1987)).  The manner in which this burden is proven depends on which party has the burden on a particular claim or defense at the time of trial.

> If the *moving* party will bear the burden of persuasion at trial, that party must support its motion with credible evidence–using any of the materials specified in Rule 56(c)–that would entitle it to a directed verdict if not controverted at trial. Such an affirmative showing shifts the burden of production to the party opposing the motion and requires that party either to produce evidentiary materials that demonstrate the existence of a "genuine issue" for trial or to submit an affidavit requesting additional time for discovery.  If the burden of persuasion at trial would be on the *non-moving* party, the party moving for summary judgment may satisfy Rule 56's burden of production in either of two ways. First, the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim. Second, the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 330-34, 106 S.Ct. 2548, 2557, 91 L.Ed.2d 265 (1986) (Brennan dissent) (citations omitted). *See also Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-06 (9th Cir. 2000) (discussing burdens for withstanding summary judgment).

6

When seeking summary judgment, the moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986); FED. R. CIV. P. 56(e)*. See also Frederick S. Wyle Prof'l. Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir. 1985) ("the opponent must affirmatively show that a material issue of fact remains in dispute"). That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Moreover, "[a] party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

To demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible into evidence. *Aquaslide*, 85 B.R. at 547. All reasonable doubt as to the existence of genuine issues of material fact must be resolved against the moving party. *Liberty Lobby,* 477 U.S. at 247-48, 106 S.Ct. at 2509. However, "[d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv.*, 809 F.2d at 630 (citing *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense." *Id.*

7

If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied. *T.W. Elec. Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 202 (1986). Thus, the Court's ultimate inquiry is to determine whether the "specific facts" set forth by the nonmoving party, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence. *T.W. Elec. Serv.*, 809 F.2d at 631. In the absence of any disputed material facts, the inquiry shifts to whether the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552-53.

## DISCUSSION

The Plaintiff seeks recovery of the $90,000 transfer as a fraudulent transfer under § 548. A trustee can "avoid any transfer of an interest of the debtor in property . . . if the debtor . . . received less than a reasonably equivalent value in exchange for such transfer . . . and was insolvent on the date that such transfer was made . . . or became insolvent as a result of such transfer ...." § 548(a)(1)(B)(ii)(I); *Decker v. Advantage Fund, Ltd.*, 362 F.3d 593, 596 (9th Cir. 2004).

Plaintiff's brief included in her Motion argues that Defendant produced no documents in response to discovery requests showing that Tomka performed any tasks on the property which was sold, or proving the existence of any construction lien, or that Defendant followed the requirements of Montana law for asserting constructions liens, MONT. CODE ANN. § 71-3-501, *et seq.* Tomka argues that the Plaintiff has not satisfied her burden for summary judgment and "invites wild speculation" by contending there may be actual fraud in the transaction. In her

8

reply the Plaintiff argues that the closing statement shows that Debtors authorized the transfer to their family corporation, but does not show that Debtors received a reasonably equivalent value, or that Tomka performed any work.  Plaintiff argues that the lack of documentation supports an inference that no construction lien existed under Montana law.

Hon. Terry L. Myers, U.S. Bankruptcy Judge for the District of Idaho, explained a two-step process to determine whether a transfer was for a reasonably equivalent value.  *Jordan v. Kroneberger (In re Jordan)*, 392 B.R. 428, 441 (Bankr. D. Idaho 2008)**.**  First it must be determined that the debtor received value, which is defined for purposes of § 548 as "property, or the satisfaction or securing a present or antecedent debt of the debtor."  *Id.*, quoting *Wyle v. C.H. Rider & Family (In re United Energy Corp.)*, 944 F.2d 589, 595 (9th Cir. 1991).  Second the court must determine whether that value was reasonably equivalent to what the debtor gave up, which is largely a factual question to which latitude is given to the trier of fact.  *Id.*  In order to determine whether a fair economic exchange has occurred the court must analyze all the circumstances surrounding the transfer.  *Id., citing* 5 COLLIER ON BANKRUPTCY, ¶ 548.05[1][b] at 548-35 (Alan N. Resnick & Henry J. Sommer eds., rev. 15th ed. 2007).  The determination of reasonable equivalence must be made as of the time of the transfer.  *Jordan*, 392 B.R. at 441; *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 546, 114 S.Ct. 1757, 128 L.Ed.2nd 556 (1994).

Whether a debtor received a reasonably equivalent value is analyzed from the point of view of the debtor's creditors, because the aim is to allow avoidance of only those transfers that result in a diminution of a debtor's prepetition assets.  *Jordan*, 392 B.R. at 441 *Hopkins v. D.L. Evans Bank (In re Fox Bean Co.)*, 287 B.R. 270, 281 (Bankr. D. Idaho 2002) (citing *Roosevelt v. Ray (In re Roosevelt),* 176 B.R. 200, 206, 208 (9th Cir. BAP 1994)**.**  The concept of reasonably

9

equivalent value is fundamentally one of common sense, and a party receives reasonably

equivalent value if it gets roughly the value it gave. *Jordan*, 392 B.R. at 441-42.

Reasonable equivalence can include the elimination of claims or litigation. *Id.* at 442,

443, citing *United Energy*, 944 F.2d at 595.  Based on the closing statement, and Tomka's

discovery responses that it performed work on the property and had a construction lien, the Court

finds that the Plaintiff has failed to satisfy her burden of proof for summary judgment on the

issue of reasonable equivalence.  The discovery responses state that Tomka performed

construction work on the property, for which the closing statement apparently prepared by a title

company shows that Tomka received the transfer.  Plaintiff's own evidence shows that the

transfer was in payment of an antecedent debt of the Debtors, which may constitute reasonably

equivalent value under § 548(a)(1)(B)(i).  *Jordan*, 392 B.R. at 441-42, citing *United Energy*, 944

F.2d at 595.

Plaintiff is not entitled to an inference that Tomka performed no construction work, or

that Tomka had no construction lien, on the basis of Tomka's alleged failure to produce

documentary evidence of construction work or a lien.  The public record of liens on the subject

property, which would reflect a construction lien filing, were accessible to Plaintiff as well as

Defendant and other members of the public.  The burden of proving that Tomka had no

construction lien, or right to assert a construction lien on the date of the transfer, is on Plaintiff at

the summary judgment stage, not on Tomka.  Further, Tomka's response to requests for

production plainly states that Debtors were still looking for documentation.  The docket in this

adversary proceeding does not reflect that Plaintiff filed a motion to compel production utilizing

F.R.B.P. 7037 and Fed. R. Civ. P. 37(a), or a subpoena on the Debtors.  Based on the discovery

responses, the Court concludes that Plaintiff has not satisfied her burden of proof for summary judgment that the Debtors did not receive a reasonably equivalent value under § 548(a)(1)(B)(i).

After determining reasonable equivalence, the Plaintiff must show that the Debtors were insolvent on the date the transfer was made or became insolvent as a result of such transfer. *In re Lewis*, 401 B.R. 431, 437 (Bankr. C.D. Cal. 2009). Under the applicable "balance sheet" test debtors are insolvent when their liabilities exceed their assets. *Id.* at 437 n.9 (quoting *Sierra Steel, Inc. v. Totten Tubes, Inc. (In re Sierra Steel, Inc.)*, 96 B.R. 275, 277 (9th Cir. BAP 1989). Section 101(32) of the Bankruptcy Code defines "insolvent" to mean, with respect to individuals, "financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of – (i) property transferred, concealed, or removed with intent to hinder, delay or defraud such entity's creditors; and (ii) property that may be exempted from property of the estate under section 522 of this title ...." *Lewis*, 401 B.R. at 437.

The Plaintiff urges this Court to make an inference that the $90,000 transfer was made to Tomka during a period when the Debtors were insolvent. Plaintiff argues that the Debtors did not provide complete information in their Schedules of the dates each debt was incurred. Because of those deficiencies, Plaintiff argues, the Court should conclude from Debtors' Schedules that based on the scheduled values of assets and liabilities that they were insolvent at the time of the transfer in November 2008.

However, in resolving summary judgment motions the trial court does not weigh evidence, but rather determines only whether a material factual dispute remains for trial. *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997). Tomka contests the facts of insolvency and cites the declining real estate market and valuations from the date of the transfer

11

to the petition date, a period of almost five months.

In the Ninth Circuit a dispute is genuine if there is sufficient evidence for a reasonable fact finder to hold in favor of the non-moving party, and a fact is material if it might affect the outcome of the case. *Far Out Prods, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby*, 477 U.S. at 248-49). Applying this standard, the fact of insolvency is material since it is one of the specific factors required to be proven for Plaintiff's claim based on § 548(a)(1)(B)(ii)(I). It must also be noted that the Debtors are not the Defendant, Tomka is, and it seems unfair at this stage of this proceeding to make an inference against Tomka based on the Debtors' Schedules, even if the Debtor at one time owned an interest in Tomka.

In addition the Court concludes, based upon the general decline in the real estate market during the period in question, that there is sufficient evidence for a reasonable fact finder to hold in favor of the non-moving party on the issue of insolvency, so there is a genuine issue of material fact with respect to insolvency. Therefore the Plaintiff's Motion for Summary Judgment must be denied.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334 and 157.

2. This is a core proceeding to determine, avoid, or recover a fraudulent transfer under 28 U.S.C. § 157(b)(2)(H) and § 548(a)(1)(B).

3. Plaintiff failed to satisfy her burden to show an absence of genuine issue of material fact under F.R.B.P. 7056 (applying Fed. R. Civ. P. 56) on the issues of whether Debtors received a reasonably equivalent value in exchange for the transfer, and whether Debtors were insolvent

12

on the date the transfer was made under 11 U.S.C. § 548(a)(1)(B).

**IT IS ORDERED** a separate Order shall be entered in conformity with the above,

denying Plaintiff's Motion for Summary Judgment.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana